IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDMON GASAWAY | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv167 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Edmon Gasaway, an inmate confined in the Federal Correctional Institution in Tucson, Arizona, filed this petition for writ of *audita querela*.

Factual Background

In 1996, following a jury trial in the Eastern District of Texas, petitioner was convicted of the following offenses: (1) conspiracy to unlawfully obstruct commerce, in violation of 18 U.S.C. § 1951; (2) unlawfully obstructing commerce, in violation of 18 U.S.C. § 1951; and (3) using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). On March 3, 1997, petitioner was sentenced to 387 months imprisonment.

Petitioner appealed his convictions to the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed the judgment of the district court in a published opinion. *United States v. Hickman*, 151 F.3d 446 (5th Cir. 1998). A petition for rehearing *en banc* was granted. On June 21, 1999, however, the convictions were affirmed by an equally divided court. *United States v. Hickman*, 179 F.3d 230 (5th Cir. 1999).

Petitioner previously filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See Gasaway v. United States*, Civil Action No. 1:02cv403 (E.D. Tex. June 25, 2002). The motion was dismissed on June 25, 2002. *Id.* Petitioner filed three additional Section 2255 motions in 2013. The motions were all denied. *See Gasaway v. United States*, Civil Action No. 1:13cv434 (E.D. Tex. 2013); *Gasaway v. United States*, Civil Action No. 1:13cv496 (E.D. Tex. 2013); and *Gasaway v. United States*, Civil Action No. 1:13cv560 (E.D. Tex. 2013).

## The Petition

Petitioner brings this petition arguing the district court erred by imposing a twenty-five year sentence for his two Section 924(c) gun convictions. Petitioner contends he should be resentenced because he was charged and convicted on multiple firearm offenses in his trial and the order of sentencing was arbitrary because of an ambiguity in the statute. Accordingly, petitioner contends the district court should have applied the principle of lenity.

## Analysis

Petitioner filed this action as a petition for writ of *audita querela*. "The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). *See also United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010) ("a writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition."). "It is an open question whether the obsolescent writ survives as a post-conviction remedy . . . . Moreover, the writ is not available where, as here, the defendant may seek redress under § 2255." *Banda*, 1 F.3d at 356. While petitioner challenges his sentence based on cases decided after his sentencing, he has failed to show that redress is unavailable through a § 2255 motion. Thus, even if *audita querela* remains a post-conviction remedy, it is not available to this petitioner.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). As mentioned above, petitioner filed a previous motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Thus, petitioner is barred from proceeding with a motion to vacate without first receiving permission from the appropriate court of appeals, in this case the Fifth Circuit. *See* 28 U.S.C. § 2255(h). As petitioner has neither asserted

nor demonstrated he has received such permission, his current filing must be dismissed without prejudice.

However, there is one exception to this general rule regarding Section 2255 proceedings. A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001).

Petitioner has filed at least four previous motions to vacate, set aside or correct sentence under 28 U.S.C. § 2255. A prior unsuccessful § 2255 motion, however, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878. Further, "[t]o entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). As petitioner is not confined within the jurisdictional boundaries of the Eastern District of Texas, this court does not have jurisdiction to entertain a Section 2241 petition filed by petitioner. Thus, the claims should be dismissed.

## ORDER

For the reasons set forth above, petitioner's petition should be denied and dismissed. A final judgment will be entered in this case in accordance with this memorandum opinion and order.

**SIGNED** this the 21 day of **September, 2017.**

---
Thad Heartfield
United States District Judge